[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Linda Tolliver entered a guilty plea to two counts of endangering children in violation of R.C. 2919.22(A). The trial court, after accepting her plea, placed Tolliver on community control for a five-year period and imposed several conditions. Included as an additional condition was that Tolliver could not have custody of her children without express consent of the trial court. Subsequently, Tolliver moved to modify the sentence so that, according to her motion, she could "reunify with her minor children and eventually regain physical placement and legal custody."
After a hearing, the trial court entered a document containing only a caption. Although signed by the trial court, the entry failed to contain the substance of its decision. The caption stated that the entry was purported to be an entry overruling motion to modify sentence.
As we explained in State v. Klein,[1]
Section 3(B)(2), Article IV of the Ohio Constitution confers upon courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." R.C. 2953.02 restricts the jurisdiction of a court of appeals in a criminal case to review of an inferior court's "judgment or final order." R.C. 2953.03, which applies to both civil and criminal appeals, similarly provides for an appeal only from a "final order, judgment, or decree."
A final order is defined in R.C. 2505.02 as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order* * *."
While the caption to a blank entry may suggest an intention on the part of the trial court that the entry is to serve as a final order, without an accompanying body providing the substance of the order, the entry is not a proper judgment entry. This is especially true in light of the fact that we have frequently seen judgment entries where the caption and the body of the entry conflict. (Moreover, our review of the transcript in this case did not help in clarifying the specific issue that was before the trial court.)
Thus, while we believe that the facts of this case raise an interesting legal issue of whether the court of common pleas has jurisdiction to, in effect, impose an additional condition of community control that prohibits a juvenile court (the court specifically authorized to decide custody issues) from restoring custody to the mother, we are foreclosed at this point from addressing the issue. Because the trial court's entry as recorded does not constitute a final appealable order, we do not have jurisdiction to entertain this appeal.
Accordingly, we sua sponte dismiss the appeal.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Winkler, and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] State v. Klein (Dec. 4, 1998), Hamilton App. No. C-970788, unreported.